**WO**  LMH

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dave Cassel, | No. CV 05-3333-PHX-MHM (JRI) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph Arpaio, | |
| Defendant. | |

In this civil rights action brought by a former county jail inmate, Defendant moved to dismiss for lack of exhaustion (Doc. #10). Plaintiff failed to respond, although he was informed of his rights and obligations to do so (Doc. ##11-12). The Court will grant the motion to dismiss.

**I. Exhaustion**

Plaintiff must first exhaust "available" administrative remedies before bringing this action. See 42 U.S.C. § 1997e(a); Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006); Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005). He must complete the administrative review process in accordance with the applicable rules. See Woodford v. Ngo, 126 S. Ct. 2378, 2384 (2006). Exhaustion is required for all suits about prison life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001).

Defendant bears the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Because exhaustion is a matter of

abatement in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. A court has broad discretion as to the method to be used in resolving the factual dispute. Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted).

## II. Analysis

In his Complaint, Plaintiff alleged that the conditions at the jails were overcrowded and unsanitary, and that he was retaliated against for asking for grievance forms (Doc. #1 at 4-6). The Court dismissed the retaliation claim and required Defendant Maricopa County Sheriff Joseph Arpaio to answer the sanitation and overcrowding claims III (Doc. #3). For his sanitation claim, Plaintiff alleged that he did not attempt to exhaust remedies because he was threatened with the loss of privileges for grieving (Doc. #1 at 4). For his overcrowding claim, he alleges that he did not fully exhaust remedies because he never received an answer to his grievance (Id.).

Defendant Arpaio moved to dismiss for lack of exhaustion, relying upon the affidavit of Sergeant Zelean Tademy, a Hearing Officer for inmate discipline and grievances. Tademy asserts that the jail records indicate that Plaintiff has not filed any grievances (Tademy Aff. ¶ 7, Doc. #10). Tademy also attached a copy of the Rules and Regulations for Inmates, which provides that if staff fail to respond to a grievance within the time allowed, the inmate may proceed to the next step in the process (Tademy Aff., Ex. B, Doc. #10). The jail's internal policy further provides that inmates may not be subject to reprisal for submitting a grievance (Tademy Aff., Ex. A, § 2, Doc. #10).

Plaintiff was issued an Order containing the customary warnings regarding his obligation to respond and the potential consequences for failing to do so (Doc. #11). He was specifically informed that if Defendant showed that he failed to exhaust, his action would be dismissed unless he produced controverting evidence (Id. at 2). When he did not file a response by the due date, he was automatically given a ten-day extension and warned again that the failure to respond would likely result in dismissal of his action (Doc. #12).

Plaintiff still failed to respond. He did not submit a copy of the grievance that he alleged that he filed for his overcrowding claim, and thus he did not rebut Defendant's evidence that there are no grievances on file. Moreover, Defendant has shown that inmates are informed that the next step is available when there is no response, and Plaintiff did not pursue this available remedy. Also, for his allegation that he feared reprisal for exhausting his sanitation claim, Plaintiff did not specifically rebut the evidence that inmates are not subject to reprisal for using the grievance system. He cannot rest on his allegation in his Complaint, particularly considering that he has not identified the persons who allegedly threatened him or otherwise explained his allegation with any degree of specificity. On this record, Defendant has met his burden of demonstrating the absence of exhaustion, and the Court will grant his motion to dismiss.

## II. Lack of a Response

Alternately, the Court has the discretion under Rule 7.2(i) of the Local Rules of Civil Procedure to deem Plaintiff's lack of response as consent to Defendant's motion to dismiss. Plaintiff was warned of this possibility (Doc. ##11-12). The Ninth Circuit Court of Appeals has upheld a dismissal based on a failure to comply with a similar local rule in the District of Nevada. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995). Before dismissal on this basis, the court must weigh (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. Id. at 53 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). If the court does not consider these factors, the record may be reviewed independently on appeal for abuse of discretion. Henderson, 779 F.2d at 1424.

The first three factors do not favor Plaintiff, particularly in light of the fact that Plaintiff was transferred from the jail to the state prison during the course of this litigation (Doc. #5) and apparently lost interest in prosecuting his action. There is no risk of prejudice to Defendant to resolve the motion in his favor, and judicial efficiency also favors resolution of this action. The fourth factor of favoring disposition of cases on their merits weighs in

1 favor of Plaintiff, and for the fifth factor, dismissal without prejudice is the least drastic
2 sanction. In light of the overall five-factor analysis weighing in Defendant's favor, the Court
3 will deem Plaintiff's lack of a response as a consent and dismiss the action without prejudice.

4 **IT IS ORDERED** that Defendant Arpaio's Motion to Dismiss (Doc. #10) is **granted**.
5 Plaintiff's action is dismissed without prejudice for lack of exhaustion or alternately, for
6 failure to respond. The Clerk of Court shall enter a judgment of dismissal accordingly.

7 DATED this 3rd day of October, 2006.

Mary H. Murguia
United States District Judge